CITY COUNCIL OF CHARLESTON v. WERNER.

1. NONSUIT—CHARLESTON—7 STAT., 144.—In an action by the city of Charleston to recover from one of its citizens an amount expended by it in filling a low place on her lot, in order to promote the public health, under special city ordinances and special act, which permit it to fill low places endangering public health, and collect the cost from owner, upon refusal to pay, or to fill upon notice, when cost of filling does not exceed one-half value of lot, it was error in Circuit Judge to grant a nonsuit, upon the ground that where only a portion of a lot owned as a whole needed filling, that portion needing filling should *alone* be estimated in considering its value; but he should have held that the entire holding and improvements thereon should be included in estimating the value.

MR. JUSTICE GARY concurs in result, but dissents as to buildings in this case being included in estimating value. 7 Stat. at Large, 144, construed.

Before WATTS, J., Charleston, March, 1895.    Reversed.

Action by city council of Charleston against Doris Werner, to recover $1,517.10, the cost of filling a portion of her lot, under authority of city ordinances and special act. Circuit Judge granted a nonsuit.    Plaintiff appeals.

*Mr. Charles Inglesby*, for appellant.

*Messrs. Mordecai & Gadsden*, contra.

March 23, 1896.  The opinion of the court was delivered by

MR. JUSTICE POPE.    This action, wherein the city council sought to recover the sum of $1,157.10, with interest, from Doris Werner, the defendant, as the expense incurred by the former, under the provisions of the law of this State, in filling up the lot of the latter, in the city of Charleston, because said lot, in its unimproved condition, endangered the public health, came on for trial at the spring term, 1895, of the Court of Common Pleas for Charleston County, in this State, before his honor, Judge Watts, and a jury.    After the plaintiff closed its testimony, on defendant's motion, the Circuit Judge granted an order, in various forms, for nonsuit, on the ground "that the words, 'lot or grounds,' in the

statute are to be construed as vacant" lots or grounds, and
that in estimating the value of said "lots or grounds, the
buildings and the improvements thereon cannot be taken
into consideration, and that the testimony introduced by
the plaintiff shows that the value of said lots and grounds,
independent of the buildings and improvements thereon,
does not exceed the sum of $2,000, whereas the costs of the
filling is admitted to be $1,157.10." It might be added to
these words, such amount, $1,157.10, being more than. one-
half of the value of such lot or grounds, independent of the
buildings and improvements thereon, as required by the
statute, to enable plaintiff to recover. Plaintiff appeals
from such order for nonsuit, and defendant gives notice, in
the event plaintiff appeals, she will rely upon two other
grounds to support the nonsuit: *first*, that the notice to
Mrs. Werner and the proceedings had thereunder had refer-
ence to a lot described in said notice, and not the lot
described in the complaint; *second*, that it appears, in the
testimony introduced by the plaintiff, that the estimated
cost submitted to the city council of Charleston by the au-
thorized officers for that purpose exceeded one-half of the
value of the lot at the time this notice was issued, and it
appears in the testimony that the value of the lot has not
increased from that time.

This action has been before this court once before on
appeal. It is reported in 38 S. C., 488. In that judgment
all the nice questions of constitutional law raised in the
pleadings are disposed of. Besides, Judge McGowan, as
the organ of the court, took pains to point out the distinc-
tion between the present action and those cases where the
right of taxation, local or general, were considered, holding
that the city of Charleston was proceeding, in this instance,
under the police power of the State. It seems that the
very last point in Judge McGowan's opinion escaped the
vigilant eye of the Circuit Judge, Judge Watts, if we may
judge from the observation he let fall, in granting a non-
suit, when he said the North Carolina case (*City of Raleigh*

v. *Peace*, 14 S. E. Reporter) controlled him, for that latter case was confined exclusively to a discussion of the law regulating local taxation. It may be that this very failure to grasp the law, as laid down in the previous decision of this court, wherein it was decided, as before stated, that this exercise of power by the city council was not referable to its taxing power, but was to its police power, in promoting the health of the city, is what led the Circuit Judge to make the ruling he did, and of which the appellant now complains. The act of 1830, under which the city council claims to act in the premises, we do not think warrants the construction placed upon its terms by the Circuit Judge. The terms of the act (7 Stat. at Large, 144,) speaks of "any lots or grounds within the city of Charleston belonging to any person or persons," "the owners of such lots or grounds," "said lots or grounds." It nowhere refers to any *portion* of any lot or grounds, or that the value of the same shall not include the buildings thereon. We take it that the legislature meant what they said, any lot or grounds within the city of Charleston, and not what they did not say, any part of a lot or ground within said city, exclusive of the buildings thereon. All that the amendatory act of 1893 (18 Stat. at Large, 287,) did was to supply the power to the city council, in those cases where the estimated expenses exceeded one-half of the value of the lot or grounds, to sell said lot or grounds to reimburse the city for the money expended in their improvement, so as not to affect the public health. The testimony at the trial was, that the defendant bought and held this lot under a title for the whole, in the same plight as to the buildings thereon as they now exist; that she had not claimed their tenure under any other source of title. The whole parcel of land was her lot, her grounds. By what power the court could view it in any light than as a whole we cannot see, except that an irregular part thereof needed filling up, while the remaining irregular part thereof did not need filling up, in order to protect the public health. If the lot or grounds were to

be considered as one whole, where was there any authority in the act in question to disregard the buildings on such lot in reaching its value? We cannot see. It follows, therefore, that a new trial must be had, unless the matters embraced in the notice of the defendant should prevent such a result.

After a careful consideration of the papers in evidence, we do not see that any other lot than that set out in the complaint was referred to in any notices served upon Mrs. Werner, the defendant. The truth is, she owned but one lot, and every map referred to a needed improvement by filling up so many cubic yards on her lot. We followed the ingenious and able argument of her counsel very closely, when it was delivered at the bar of the court, and we have reflected upon it since, but we are unable to agree with him. So, too, as to his second proposition, if we could agree that the act of the legislature contemplated that only so much or that part of a lot which was filled up should respond to the reimbursement of the city for the costs of such filling, we would agree to his view of the testimony, but we cannot. The whole lot was valued at from $4,000 to $5,000, in the testimony offered at trial, and the amount sued for is only a little more than one-fourth of that value.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to that court for a new trial.

MR. JUSTICE GARY, *concurring in result.* The ordinance passed in pursuance of the statute refers to "low lots or vacant grounds." A "low lot" might be within the provisions of the ordinance, even though it had buildings or improvements thereon. In such cases the buildings or improvements should be taken into consideration in estimating the value of such lots. I, therefore, think the reasons assigned by the presiding judge in granting the nonsuit were erroneous, and that a new trial should be granted. No buildings or improvements are, however, to be taken

into consideration in estimating the value of such lots, except where they shall be found to be "low lots," endangering the public health in the manner contemplated by the said ordinance. I concur only in the result as announced by the majority of the court.